**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 16-235-DLB**

**KEVIN J. McCORMICK**                                          **PETITIONER**

**VS.**                 **MEMORANDUM OPINION AND ORDER**

**SANDRA BUTLER, Warden**                        **RESPONDENT**

**\*\*\*     \*\*\*     \*\*\*     \*\*\***

Inmate Kevin J. McCormick has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is before the Court to conduct an initial screening of McCormick's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because McCormick's claim cannot be asserted in a petition under 28 U.S.C. § 2241, the Court will deny the petition.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On June 9, 2011, McCormick was indicted in this Court for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. McCormick*, 2:11-cr-33-DLB-EBA (Doc. # 1 therein). Shortly thereafter, the prosecution filed a notice that, if convicted, McCormick's sentence was subject to enhancement pursuant to 18 U.S.C. § 924(e) and that he would be sentenced as an armed career offender pursuant to § 4B1.4 of the United States Sentencing Guidelines, in light of four previous violent felony convictions. *Id.* (Doc. # 15 therein). Specifically, McCormick's criminal history included four separate 1993 convictions in Kentucky state courts for third-degree burglary. *Id.*

On November 22, 2011, a jury found McCormick guilty of Count 1 of the Indictment, the charge of being a felon in possession of a firearm. *Id.* (Doc. # 40 therein). This Court found that the Armed Career Criminal Act ("ACCA") enhancement applied as a result of McCormick's prior burglary convictions; thus, McCormick was classified as an armed career criminal pursuant to § 4B1.4 of the Sentencing Guidelines. *Id.* (Docs. # 69, 71, and 72 therein). The ACCA provides that "in the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony…committed on occasions different from one another, such person shall be…imprisoned not less than fifteen years…." 18 U.S.C. § 924(e)(1). Accordingly on March 28, 2012, McCormick was sentenced to a term of imprisonment of 180 months, the statutory minimum under 18 U.S.C. § 924(e), to be followed by a 5-year term of supervised release. *Id.* The Sixth Circuit Court of Appeals affirmed McCormick's conviction and sentence on appeal. *Id.* (Docs. # 102 and 103 therein).

In 2014, McCormick filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. *Id.* (Doc. # 106 therein). Among other arguments, McCormick sought relief on the grounds that, in light of *Descamps v. United States*, 133 S.Ct. 2276 (2013), his state-court third-degree burglary convictions did not qualify as predicate offenses to support an Armed-Career-Criminal enhancement. *Id.* McCormick later conceded the inapplicability of *Descamps* in his Reply brief. *Id.* (Doc. # 118 therein). This Court denied McCormick's § 2255 motion. *Id.* (Doc. # 123 therein). McCormick appealed the denial of his § 2255 motion, but the Sixth Circuit denied McCormick's application for a certification of appealability.

McCormick then filed an application with the Sixth Circuit to file a second or successive § 2255 motion, in which he argued that, pursuant to the United States Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior offenses no longer qualify as predicate offenses under the ACCA. The Sixth Circuit denied McCormick's motion, finding that *Johnson* did not apply to his case. *Id.* (Doc. # 128 therein). The Court explained:

> Prior to sentencing, McCormick objected to the use of his prior convictions for third-degree burglary as predicate offenses under the ACCA. The district court overruled the objections, holding that McCormick's offenses qualified under the enumerated-offenses clause under the "modified categorical approach." Although the Supreme Court recently held in *Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *7-8 (U.S. June 23, 2016), that the "modified categorical approach" should not be used in similar circumstances, McCormick's current motion challenges the validity of his prior convictions in light of *Johnson* only. Because the district court did not count his prior offenses under the residual clause, McCormick does not have a claim under *Johnson.*

*Id.*

McCormick has now filed the instant petition pursuant to 28 U.S.C. § 2241, arguing that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), his convictions for third-degree Burglary no longer qualify as violent felonies for purposes of the Armed Career Criminal Act enhancement under 18 U.S.C. § 924(e)(1). McCormick invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert this claim in a § 2241 petition. However, because McCormick may not bring his *Mathis* claim in a § 2241 petition, his petition will be denied.

## II. ANALYSIS

A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being

carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *McCormick v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition, when the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, he did not file a § 2255 motion, or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as another "bite of the apple." *McCormick*, 16 F. App'x at 319.

To properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his

conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

McCormick's petition must be denied because his claims are not ones of actual innocence, and hence are not cognizable in a § 2241 petition. McCormick challenges not his convictions, but his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

McCormick's claim fails to satisfy at both the each of these requirements. McCormick was sentenced in March 2012, well after *Booker* was decided in 2005, thus he fails to meet *Hill*'s first requirement. With respect to *Hill*'s second requirement, McCormick relies upon the Supreme Court's recent decision in *Mathis*. In *Mathis*, the Supreme Court reiterated that a statute is considered "divisible," therefore permitting use of the modified categorical approach to determine whether a prior offense may be used to enhance a sentence under the career offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52. But for a claim based upon a recently issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 307-08. The Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 2017 WL 4159184 (6th Cir. 2017). Therefore, because *Mathis* is not retroactive, McCormick may not rely upon it to satisfy the third requirement of *Hill*.

Because McCormick fails to satisfy the threshold requirement of *Hill*, his claim falls outside that narrow exception. Accordingly, his sentencing claim does not fall within the narrow scope of Section 2255(e)'s savings clause, and his petition must be denied. *Peterman*, 249 F.3d at 462.

**III.  CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1)     Petitioner Kevin J. McCormick's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED**;

(2)     This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(3)     A Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 20th day of October, 2017.

Signed By:
*David L. Bunning*    DB
United States District Judge

K:\DATA\ORDERS\ProSe\McCormick 16-235-DLB Dismissal Order (2241) WHM.docx